IN THE UNITED STATES DISTRICT COURT

CENTRAL DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br><br>vs.<br><br><br><br>KEPA MAUMAU,<br><br>Defendant. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br><br>Case No. 2:08-CR-758-TC |

The grand jury indicted Kepa Maumau for violations of RICO, the VICAR statute, and the Hobbs Act. He moves to suppress the photo array used in this case (Gov.'s Ex. 1) and testimony from any witness regarding identification of him in the array. Mr. Maumau contends that the photo array was impermissibly suggestive and that the totality of the circumstances does not demonstrate that the identification was nevertheless reliable.

The court holds that the photo array was not impermissibly suggestive. Accordingly, Mr. Maumau's motion is DENIED.

**FINDINGS OF FACT**

On August 12, 2008, two men robbed the Gen-X clothing store in Ogden, Utah. The two men entered the store, approached the counter, and then started to cover their faces with their shirts. One of the men, later identified as Mr. Maumau, presented a gun and told the employees to "open the fucking register." (Tr. at 10:10-22; 19:18-20:4.) The two men took money from the

register and from a box under the register. They also took items of merchandise and then left the store. According to the surveillance footage from security cameras, the robbery lasted one minute and seven seconds and the two men stood within eight to ten feet from the three employees who were present. When questioned by the responding officer, the three employees described the man holding the gun as male, between twenty- and twenty-two-years-old, possibly Native American, between five foot ten and six feet tall, medium build and medium complexion, with no facial hair, piercings, or tattoos.

Sometime later, Detective Daniel Buttars of the South Ogden Police Department was assigned to investigate the robbery. Detective Buttars consulted with Detective Ralph Anderson of the Salt Lake Police Department and showed him the footage from the robbery. Detective Anderson informed Detective Buttars that he believed the two men to be Kepa Maumau and E.J. Kamoto. With this information, Detective Buttars compiled a photo array for each suspect. The photo array created for Mr. Maumau consisted of a photograph of Mr. Maumau and photographs of five individuals who Detective Buttars felt were the "closest [he] had to Mr. Maumau." (Tr. at 14:25.)

Detective Buttars showed the array to each of the three employees who had witnessed the robbery. With each witness he read an admonition contained on the back of the array, made sure that the witness understood it, and then presented the array. Two of the witnesses identified Mr. Maumau as the robber who held the gun. The other witness was unable to make an identification.

Mr. Maumau has moved to suppress the photo array as impermissibly suggestive. During the evidentiary hearing held on February 7, 2011, Mr. Maumau introduced expert testimony from Dr. David Dodd on eyewitness accuracy. Dr. Dodd testified that a mock witness scenario he

conducted using the photo array revealed that the array had a functional size of 1.7, or, in other words, that the witnesses really only had two photographs to choose from. Dr. Dodd also testified about factors that he considered to have made the two witnesses' identification of Mr. Maumua unreliable.

## CONCLUSIONS OF LAW

Mr. Maumau contends that the photo array and testimony from any witness regarding identification of him in such array should be suppressed because the array was impermissibly suggestive and the resulting identifications were unreliable.

"When the constitutionality of a photo array is challenged, the due process clause requires a two-pronged inquiry: first, the court must determine whether the photo array was impermissibly suggestive, and if it is found to be so, then the court must decide whether the identifications were nevertheless reliable in view of the totality of the circumstances." United States v. Sanchez, 24 F.3d 1259, 1261-62 (10th Cir. 1994); see also Simmons v. United States, 390 U.S. 377, 384 (1968). The court must analyze each of these prongs separately. Sanchez, 24 F.3d at 1262. And "it is only necessary to reach the second prong if the court first determines that the array was impermissibly suggestive." Id.

Mr. Maumau's expert, Dr. Dodd, opined that the photo array was impermissibly suggestive. The court concludes, however, that Dr. Dodd's opinion is not persuasive in light of the other evidence presented, that is the actual photo array itself and the testimony of Detective Buttars.

The Tenth Circuit has directed that a district court should consider three factors when analyzing whether a photo a array was impermissibly suggestive: (1) the size of the array; (2) the

manner of its presentation by the officers; and (3) the details of the photographs themselves. Sanchez, 24 F.3d at 1262. The number of photographs in an array is "not itself a substantive factor, but instead is a factor that merely affects the weight given to other alleged problems or irregularities in an array." Id.

In this case, Detective Buttars constructed a photo array with six photographs. Although use of a "six-pack" photo array is common practice among law enforcement, an array with six photographs is sufficiently small to weigh heavily in the balance of factors to be considered. See id. at 1263.

The court has examined the photo array with the size of the array in mind and noting both the similarities and differences in each of the photographs. Notwithstanding the differences emphasized by Mr. Maumau, the court finds that the array was not impermissibly suggestive. The men portrayed in the six photographs all appear to be in their early twenties, have medium complexion, medium build, no visible piercings, and most have little, if any, facial hair. None of the men have distinctive facial features or other identifying marks. The differences between the six photographs are not strikingly apparent. And Detective Buttars was not "required to conduct a search for identical twins in age, height, weight or facial features." Lemons v. Lewis, 963 F. Supp. 1038, 1049 (D. Kan. 1997) (quoting Hensley v. Carey, 818 F.2d 646, 650 (7th Cir. 1987)).

Concern about any degree of suggestiveness created by differences between the photographs is significantly decreased by the neutral fashion in which Detective Buttars presented the photo array. Before showing the witnesses the array, Detective Buttars informed them that, among other things, they "should not conclude or guess that the photographs contain the picture of the person who committed the crime," and that they were "not obligated to identify

anyone." (Tr. at 17:20-18:11, 22:4-11, 25:20-21; Gov.'s Ex. 2.) The court is persuaded that, in light of all of the factors, the photo array was not impermissibly suggestive.

Having held that the photo array was not impermissibly suggestive, the court need not reach the second prong.

## ORDER

For the foregoing reasons, Mr. Maumau's motion to suppress (Dkt. No. 285) is DENIED.

DATED this 17th day of May, 2011.

BY THE COURT:

_TENA CAMPBELL_
TENA CAMPBELL
United States District Judge