# Exhibit A

**UNITED STATES DISTRICT COURT**
United States Courthouse
351 S. West Temple Street
Salt Lake City, Utah, 84101

**Tena Campbell**
Senior United States District Judge

April 30, 2019

Mr. John Huber
United States Attorney
District of Utah
111 South Main Street
Suite 1800
Salt Lake City, Utah 84111

      **RE:**    **Mr. Kepa Maumau**
                  **U.S. v. Kamahele**, 2:08-cr-758-TC-11

Dear Mr. Huber:

      On December 15, 2011, I had the unenviable job of sentencing twenty-four-year-old Kepa Maumau to the mandatory minimum sentence of 55 years[1] for his conviction on three stacked counts under 18 U.S.C. § 924(c). Mr. Maumau has served approximately ten years of his sentence but, with a projected release date of July 2057, he faces thirty-eight more years of incarceration. That means he will be about seventy-years-old when he is released. This is an offensive and unjust sentence.

      At the time of sentencing, I noted my distaste with the mandatory sentence I was required to impose on Mr. Maumau. Now I have another opportunity to express my dissent.

      A week or so ago, Mr. John Gleeson, of the law firm Debevoise & Plimpton, wrote to me on behalf of Mr. Maumau. He highlighted a statute enacted in late 2018—the First Step Act. Mr. Gleeson noted that Congress, in passing the statute, acknowledged the inequity of mandatory consecutive sentences for second or successive § 924(c) charges in the same case. To correct that wrong, the law eliminated sentences like the one Mr. Maumau is serving.

      In his letter to me, Mr. Gleeson persuasively presents a multitude of reasons, including passage of the First Step Act and its Congressional history, why Mr. Maumau's disproportionate

---

[1] In September 2013, I corrected his sentence from 57 to 55 years following the United States Supreme Court's decision in Alleyne v. United States, 570 U.S. 99 (2013).

1

sentence should be corrected by dismissal of two § 924(c) counts.[2] I will not repeat those reasons here, for I know he has communicated them to you as well.[3] But I want to echo his concerns.

Under the circumstances, I urge you to do everything in your discretionary prosecutorial power to correct this injustice.

Sincerely,

*Tena Campbell*
Tena Campbell
United States District Judge

cc:   Mr. John Gleeson
      Debevoise & Plimpton LLP
      919 Third Avenue
      New York, New York 10022

---

[2] In support of his position that you have the power to vacate two of Mr. Maumau's § 924(c) convictions, Mr. Gleeson cites to Federal Rule of Criminal Procedure 48, as well as the cases of Rice v. Rivera, 617 F.3d 802, 807–09, 811–12 (4th Cir. 2010), United States v. Smith, 467 F.3d 785, 789–90 (D.C. Cir. 2006), and United States v. Clark, 816 F.3d 350, 353 (5th Cir. 2016).

[3] Attached to his letter was a copy of his communications with you concerning Mr. Maumau.