JOHN W. HUBER, United States Attorney (#7226)
J. DREW YEATES, Assistant United States Attorney (#9811)
STEPHEN L. NELSON, Assistant United States Attorney (#9547)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:08-cr-00758 |
| Plaintiff, | : | |
| vs. | : | RE-SENTENCING MEMORANDUM |
| KEPA MAUMAU, | : | |
| Defendant. | : | Judge Tena Campbell |

The United States hereby submits its re-sentencing memorandum. The United States asks this Court to impose a term of incarceration of at least 301 months -- the low end of the applicable guideline range for Counts 1, 21, 22, 24, and 26 followed by five[1] consecutive years for each of Counts 23, 25, 27. A 301 month prison term is sufficient but not greater than necessary to serve the purposes set for in 18 U.S.C. § 3553(a). The United States intends to make further argument in support of this recommendation at the resentencing

---

[1] Defendant *brandished* a firearm in each of the three robberies, however, the verdict form did not ask the jury to determine that particular fact beyond a reasonable doubt. Accordingly, the stacking seven-year minimum-mandatory consecutive sentences that Congress envisions for armed robbery strings, like that of Defendant, do not apply here.

hearing currently scheduled for April 23, 2020.

## BACKGROUND

Defendant filed a Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), seeking compassionate release.   The United States opposed that request.  Section 3582(c)(1)(A) requires a court to first consider the Section 3553(a) sentencing factors before weighing or considering extraordinary and compelling reasons that may warrant a reduction in sentence.   See 18 U.S.C. § 3582(c)(1)(A).   This re-sentencing memorandum addresses the sentencing factors delineated in Section 3553(a).

## ARGUMENT

### 1. Defendant's Two Robbery Sprees

Defendant committed two separate robbery sprees for the express purpose of enhancing his stature in the Tongan Crip Gang ("TCG").   Defendant's first robbery spree was committed when he was a juvenile.   Defendant was an adult at the time of his second robbery spree.   The two robbery sprees differed factually in that the first spree of robberies were of the strong-arm variety whereas the second spree of robberies involved the brandishing and threatening use of firearms.   The juxtaposition between the two robbery sprees typifies the escalating trajectory of the violent street gang known as TCG in the early 2000s.

More specifically, on August 18, 2003, Defendant, along with other members of the Tongan Crip Gang, robbed a Salt Lake City convenience store.   Two days later, on August 20, 2003, Defendant, along with other TCG members, robbed a Salt Lake City convenience

store and *assaulted the store clerk*. Three days later, on August 23, 2003, Defendant, along with a TCG associate, robbed another Salt Lake City convenience store.

Five years later, on August 12, 2008, after having served time in Utah youth corrections secure care, Defendant, a fellow TCG member and a TCG associate robbed a South Ogden clothing store wherein Defendant brandished a firearm. Two weeks later, on August 29, 2008, Defendant and a junior TCG member robbed a fast-food restaurant in Tempe, Arizona, wherein Defendant brandished a firearm. That very day Defendant and the junior TCG member robbed a second fast-food restaurant in Tempe, Arizona, wherein Defendant again brandished a firearm.

Subsequently, Defendant was charged by a federal grand jury and was later convicted by a jury of his peers of all charges, namely:

- Count 1: Racketeering Conspiracy in violation of 18 U.S.C. § 1962(d);

- Count 21: Hobbs Act Robbery in violation of 18 U.S.C. § 1951(a);

- Count 22: Assault with a Dangerous Weapon in Aid of Racketeering in violation of 18 U.S.C. § 1959(a)(3);

- Count 23: Using, Carrying, or Brandishing a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c);

- Count 24: Assault with a Dangerous Weapon in Aid of Racketeering in violation of 18 U.S.C. § 1959(a)(3);

- Count 25: Using, Carrying, or Brandishing a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c);

- Count 26: Assault with a Dangerous Weapon in Aid of Racketeering in violation of 18 U.S.C. § 1959(a)(3); and

- <u>Count 27</u>: Using, Carrying, or Brandishing a Firearm During a Crime of Violence in violation of 18 U.S.C. § 924(c).

## 2. **Defendant's Failure to Rehabilitate and Unrelenting Violent Propensity**

Defendant has been disciplined by the Bureau of Prisons ("BOP") eleven times. [See Attachment A - Maumau Disciplinary History.] Defendant's violations while in BOP custody occurred as follows:

- July 5, 2012, Defendant along with another inmate, beat up a third inmate because they "didn't like his charges."

- January 3, 2013, Defendant possessed drugs/alcohol.

- April 11, 2013, Defendant refused to stand for the count.

- June 13, 2013, Defendant was absent from his assignment.

- June 22, 2014, Defendant assaulted another inmate.

- May 23, 2014, Defendant possessed heroin "on his person."

- March 25, 2015, Defendant covered his cell light, refused staff orders, and interfered with the count.

- September 3, 2015, Defendant was insolent with BOP staff.

- October 22, 2015, Defendant interfered with BOP staff.

- May 4, 2017, Defendant was insolent to a staff member.

- April 25, 2018, Defendant fought with another inmate.

Three of Defendant's disciplinary violations demonstrate Defendant's unceasing propensity for violence. Defendant's continued violence, coupled together with eight other

4

disciplinary violations, reflect an individual who has not yet rehabilitated.

Following his co-defendant Siale Angilau's attempt to kill a cooperating trial witness by stabbing at the witness with a pen during his own gang racketeering trial, Defendant founded the Raise Your Pen Foundation. In doing so, Defendant glorifies and exalts his co-defendant's crime and further fosters and promotes continued negative feelings towards law enforcement on behalf of TCG members and their affiliates. Defendant's own continued violence, together with his veneration of another's violence, demonstrate that Defendant is far from reformed.

### 3. Defendant's Crimes Were More Numerous and Grave Than His Co-Defendants

Defendant claims "a glaring unwarranted disparity" between his sentence and those of his co-defendants. [Doc. 1735 at p. 18.] In reality, the severity of Defendant's sentence is commensurate with the gravity of his behavior. Defendant was the only of 17 co-defendants who went on an *interstate* armed robbery spree. Defendant was the only of 17 co-defendants who violated 18 U.S.C. § 924(c) *three* times by brandishing a firearm in three separate armed robberies. Defendant was the only of 17 co-defendants who was convicted of *more* than five counts – Defendant was convicted of a total of eight counts. It is notable that Defendant was sentenced to the bare minimum required by Congress, meaning he received no prison sentence whatsoever on five of the eight counts of which he was convicted – including zero sentence on the racketeering conspiracy.

//

//

### 4. Defendant's Minimum-Mandatory Sentence, Post-First Step Act, Would be 21 Years

Section 403 of the First Step Act of 2018 amended 18 U.S.C. § 924(c)(1)(C). Under the new language, the 25-year mandatory minimum in § 924(c)(1)(C)(i) does not apply unless a defendant has a prior § 924(c) conviction that became final before the defendant's current § 924(c) violation. See *United States v. Jordan*, 952 F.3d 160, 171 (4th Cir. 2020) ("Under the First Step Act…the 25-year mandatory minimum is reserved for recidivist offenders, and no longer applies to multiple § 924(c) convictions obtained in a single prosecution"). Significantly, the First Step Act did not eliminate the mandatory consecutive imposition of multiple § 924(c) offenses. See *United States v. Hodge*, 948 F.3d 160, 161, FN 2 (3rd Cir. 2020) ("After the First Step Act, when a first-time offender who discharged a firearm is convicted of multiple § 924(c) counts from the same indictment, each count carries only the standard 120-month minimum, run consecutively"). In other words, were Defendant convicted today he would face a consecutive minimum-mandatory 7 year sentence for each of the three armed robberies, for a total minimum-mandatory prison term of 21 years. Defendant has, to date, only served about half that amount.

It should be duly noted that Congress *chose* not to apply the changes to 924(c)(1)(C)(i) retroactively. See *United States v. Hunt*, 793 F. App'x 764 (10th Cir. 2019) (holding that First Step Act did not apply retroactively). Indeed, Defendant's 55 year prison sentence is consistent with similarly situated pre-December 2018 defendants in this judicial district and across the nation.

//

## **RECOMMENDATION**

The United States recommends this Court impose a term of incarceration of at least 301 months. The low-end of the applicable guideline range for Counts 1, 21, 22, 24, and 26 is 121 months. [Doc. 1749 ¶ 4.] The guideline range should run consecutive to each of the 60 month consecutive minimum-mandatory sentences required for Counts 23, 25, 27. As discussed below, the United States believes that under the circumstances this recommendation is sufficient but not more than necessary to serve the goals set forth in Section 3553(a).

A guideline sentence in this case will "reflect the seriousness of the offense." 18 U.S.C § 3553(a)(2)(A). Defendant took a 14 year-old on an interstate armed robbery spree. A jury convicted Defendant of eight counts ranging from Racketeering Conspiracy and Hobbs Act Robbery to Assault with a Dangerous Weapon in Aid of Racketeering and Using, Carrying, or Brandishing a Firearm During a Crime of Violence. A guideline sentence is appropriate given the seriousness of his offenses.

A guideline sentence will "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2)(C). Defendant has engaged in a life of violence including a robbery spree as a juvenile, an armed interstate robbery spree as an adult, and repeat acts of violence as an inmate. By any fair account, Defendant has shown a proclivity for violence. Defendant is both young and healthy. The United States avers that he poses a continued threat based upon his regrettable conduct while incarcerated and his interest in glorifying the appalling conduct of his fellow gang member while on trial. A significant prison sentence

7

is, in this case, necessary to deter Defendant from further criminal conduct and to protect the community from Defendant.

Finally, the imposition of a guidelines sentence will "afford adequate deterrence," and promote respect for the law."   18 U.S.C §§ 3553(a)(2)(B), (a)(2)(A).   A guideline sentence is necessary to promote respect for the law by sending a clear message to Defendant, and other violent criminals, that society will not condone the commission of violent armed robberies, nor will society condone violent racketing conspiracies.

## **CONCLUSION**

As an adult, Defendant committed an interstate armed robbery spree together with a 14 year-old junior gang member.   Defendant committed these robberies for the thrill of violence and to enhance his stature within the Tongan Crip Gang, a gang which he continues to promote and advance through his foundation.   The Court should sentence the defendant to a term of incarceration of 301 months – the low-end of the current guideline range.   This sentence is sufficient but no more than necessary to reflect the seriousness of the offenses, to protect the community, to deter future criminal conduct, and to promote respect for the law.

RESPECTFULLY SUBMITTED April 6, 2020.

> JOHN W. HUBER
> United States Attorney
>
> /s/ *J. Drew Yeates*
> J. DREW YEATES
> Assistant United States Attorney
>
> /s/ *Stephen L. Nelson*
> STEPHEN L. NELSON
> Assistant United States Attorney