JOHN W. HUBER, United States Attorney (#7226)
J. DREW YEATES, Assistant United States Attorney (#9811)
STEPHEN L. NELSON, Assistant United States Attorney (#9547)
Attorneys for the United States of America
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111
Telephone: (801) 524-5682

---

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

---

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 2:08-cr-00758 |
| Plaintiff, | : | |
| vs. | : | UNITED STATES' RESPONSE TO DEFENDANT'S RESENTENCING MEMORANDUM |
| KEPA MAUMAU, | : | |
| Defendant. | : | Judge Tena Campbell |

---

The United States of America hereby submits the following in response to Defendant's Resentencing Memorandum, filed April 27, 2020.   Doc No. 1753.

## **Discussion**

Defendant's Memorandum alleges that the United States "… subjected [Defendant] to an extravagant trial penalty inflicted in a racially discriminatory fashion." *Id*. at 3.   Further, Defendant's Memorandum asserts that "… the U.S. Attorney has shamelessly sought to perpetuate [Defendant's sentence]" since Defendant's conviction at trial and original sentencing.   *Id*. at 7.

The United States respects Defendant's right to zealously advocate his position in pleadings and in communications with the court, but the baseless allegations that the United States intentionally inflicted "an extravagant trial penalty" in a "racially discriminatory fashion" and that the United States is "shameless" are objectionable and incongruous with the professional practice of law in Utah.

Attorneys practicing before the Federal District Court for the District of Utah "must comply … with the Utah Rules of Professional Conduct…"   DUCivR 83-1.5.1(a); *see also* DUCrimR 57-12 (matters pertaining to attorney conduct in Utah criminal cases are governed by applicable civil rules).   Rule 3.1 of the Utah Rules of Professional Conduct directs that "[a] lawyer shall not … assert … an issue … unless there is a basis in law and fact for doing so that is not frivolous…"   Finally, Rule 14-301(3) of the Utah Rules of Professionalism and Civility states that "[l]awyers shall not, without an adequate factual basis, attribute to other counsel … improper motives, purpose, or conduct."   Referring to counsel for the United States as intentionally acting "shamelessly" and in a "racially discriminatory" or racist fashion without any justification or evidence, fits squarely within the scope of the prohibitions of these rules.

## **Conclusion**

The baseless allegation of racism and personal attacks in Defendant's Memorandum are inappropriate and directly contrary to standards of professionalism for lawyers practicing before this court.   As such, they should be disregarded by this court at

Defendant's resentencing hearing on May 4, 2020.

To the extent that the Defendant seeks to raise the racially disparate impact of mandatory minimums or sentencing guidelines, the United States is prepared to address those issues at resentencing.

RESPECTFULLY SUBMITTED May 1, 2020.

JOHN W. HUBER
United States Attorney

/s/ *J. Drew Yeates*
J. DREW YEATES
Assistant United States Attorney

/s/ *Stephen L. Nelson*
STEPHEN L. NELSON
Assistant United States Attorney