IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KEPA MAUMAU,<br><br>        Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>        Respondent. | ORDER AND<br>MEMORANDUM DECISION<br>GRANTING PETITION<br><br><br>Civil Case No. 2:15-cv-600-TC<br>Criminal Case No. 2:08-cr-758-TC<br><br>Judge: Tena Campbell |

      On August 10, 2017, the court denied petitioner Kepa Maumau's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. On January 31, 2022, the Tenth Circuit reversed in part and vacated the court's judgment. Specifically, the Tenth Circuit held that Mr. Maumau's predicate assault conviction under the Violent Crimes in Aid of Racketeering ("VICAR") statute, 18 U.S.C. § 1959(a)(3), could not support two of his separate convictions for brandishing a firearm during a crime of violence under 18 U.S.C. § 924(c). Mr. Maumau has filed a supplemental memorandum in support of his habeas petition arguing that the court should vacate his two § 924 (c) convictions based on VICAR (ECF No. 79). Mr. Maumau has also filed a motion for early termination of supervised release in his criminal case.

      Based on the Tenth Circuit's ruling and for good cause appearing, the court grants Mr. Maumau's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The court

1

will file an amended judgment vacating Mr. Maumau's two § 924(c) convictions based on VICAR.[1]  The court resentences Mr. Maumau to time served with no period of supervised release to follow.  Mr. Maumau's motion for early termination of supervised release is terminated as moot (Case No. 2:08-cr-758, ECF No. 1923).

      SO ORDERED this 4th day of May, 2023.

                              BY THE COURT:

                              *Tena Campbell*
                              TENA CAMPBELL
                              U.S. District Court Judge

---

[1] Counts 25 (for trial purposes renumbered to count 14) and 27 (for trial purposes renumbered to count 16) of the Second Superseding Indictment.